**MUCKLESHOOT INDIAN TRIBE,**
Plaintiff–Appellee,

v.

**LUMMI INDIAN NATION,**
Defendant–Appellant.

No. 99–36224.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2000

Filed Dec. 13, 2000

Harry L. Johnsen and Daniel A. Raas, Raas, Johnsen & Stuen, Bellingham, Washington for the defendant-appellant.

Gregory M. O'Leary, Seattle Washington for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, BEEZER, and HAWKINS, Circuit Judges.

SCHROEDER, Chief Judge:

This appeal represents one of a number of supplemental proceedings in the ongoing litigation concerning Indian fishing rights in the Pacific Northwest. All of these supplemental proceedings require the interpretation of Judge Boldt's opinion in *United States v. Washington,* 384 F.Supp. 312 (W.D.Wash.1974), *aff'd* 520 F.2d 676 (9th Cir.1975).

This proceeding concerns the interpretation of Judge Boldt's Finding of Fact Number 46, that describes the fishing grounds of the Lummi. It provides:

> In addition to the reef net locations listed above, the usual and accustomed fishing places of the Lummi Indians at treaty times included the marine areas of Northern Puget Sound from the Fraser

River *south to the present environs of Seattle,* and particularly Bellingham Bay.

*Id.* at 360–61 (emphasis added).

We are asked to interpret the phrase "to the present environs of Seattle." The district court held that it means that the Lummi's usual and accustomed fishing grounds extended to the northern outskirts, or suburbs, of Seattle as they existed in 1974. The Lummi appeal, contending the phrase meant that their fishing areas extended further south to encompass the marine areas adjacent to the present city of Seattle or even further south to its southern outskirts.

We have been asked to decide this controversy before. In *Muckleshoot Tribe v. Lummi Indian Tribe,* 141 F.3d 1355 (9th Cir.1998), we looked at a similar holding of the district court. That holding was based not only on the language of the finding and the evidence in the record before Judge Boldt in 1974, but also upon a declaration submitted many years later by Dr. Barbara Lane, the expert whom Judge Boldt and the parties had consulted extensively before the 1974 decision. Dr. Lane's later declaration stated that when she used the phrase "environs of Seattle" in a report for the 1974 decision, she intended the phrase to mean that the fishing grounds extended only to the northern outskirts of Seattle, and as of that time, the outskirts of Seattle reached the city of Edmonds.

We reversed the district court but did not definitively resolve the controversy. Instead, we held that the district court should not have relied upon the latter-day interpretation of the evidence that was before Judge Boldt, even if the latter-day testimony came from the author of that earlier evidence, because the critical issue was the meaning Judge Boldt intended at the time he wrote his opinion. *Id.* at 1359 (*citing Narramore v. United States,* 852 F.2d 485, 490 (9th Cir.1988)).

In so holding, we did not freeze the record. We said that the court on remand could consider additional evidence if it shed light on the understanding that Judge Boldt had of the geography at the time. *Id.* at 1360.

■ On remand, the district court focused primarily on Judge Boldt's language, supplementing the record with a statement by a geography expert, Dr. Morrill, as to where the northern environs of Seattle were located at the time of Judge Boldt's decision. Dr. Morrill's conclusion was on the basis of geography, and not on the basis of any latter-day interpretation of documents before Judge Boldt. Dr. Morrill concluded that the environs of Seattle extended approximately to Edmonds.

We now find no fault with the district court's analysis, because it looked to materials that we said in our earlier opinion were appropriate for the district court to use. The Lummi Nation attempts to equate the expert geographic evidence of Dr. Morrill, as to what would have been the northern environs of Seattle in Judge Boldt's day, with Dr. Lane's latter-day supplementation with material unknown to Judge Boldt. This attempt is unavailing because it ignores the very distinction we drew in *Muckleshoot.*

■ Also unavailing is the Lummi's effort to change the nature of the dispute over the location of the environs of Seattle in 1974 to a dispute over the semantic meaning of the word "to." The Lummi on remand contend that when Judge Boldt said the Lummi fishing waters extended south "to the present environs of Seattle," he really meant through the suburbs to the city center or even farther south. We conclude, however, that because the Lummi were fishing from the northern part of Puget Sound south "to" the environs of Seattle, the fishing grounds must end where those environs begin. Moreover, interpreting "environs" to mean the outskirts comports with the common dictionary meaning of "environs." *See Random House College Dictionary* 442 (Rev. ed.1980) (environs defined as "surrounding

parts or districts, as of a city; outskirts; suburbs"); *Webster's Third New Int'l Dictionary* 760 (1976) (environs defined alternatively as "the enclosing limits or boundaries," "the suburbs or districts round about a city or other populated place," and "any adjoining or surrounding region or space").

Had Judge Boldt intended to hold that the fishing grounds reached "through" the environs of Seattle, he would surely have said so. At the very least, he could have used more inclusive language indicating that the grounds extended south "to and including" the environs of Seattle. Indeed, this is the more expansive phrase he chose in an opinion authored a few years later:

> The usual and accustomed fishing places of the Swinomish Tribal Community include the Skagit River and its tributaries, the Samish River and its tributaries and the marine areas of northern Puget Sound from the Fraser River *south to and including* Whidbey, Camano, Fidalgo, Guemes, Samish, Cypress and the San Juan Islands, and including Bellingham Bay and Hale Passage adjacent to Lummi Island.

*United States v. Washington*, 459 F.Supp. 1020, 1049 (W.D.Wash.1978).

The district court's decision correctly interprets Judge Boldt's opinion on the basis of information known to Judge Boldt and the words he chose.

AFFIRMED.